**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

JIMMY M. LOFTIS,

              Petitioner,

v.                                                                     Case No. 07-12005

CINDI CURTIN,

              Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A STAY, ADMINISTRATIVELY CLOSING THIS CASE AND DENYING PETITIONER'S MOTION TO SUBSTITUTE RESPONDENT

Habeas petitioner Jimmy Loftis is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. Petitioner filed a habeas corpus petition on May 7, 2007, alleging that his rights to due process and a fair trial were violated by the admission of hearsay evidence concerning his previous threats against people and by the use of his statement to the police as substantive evidence.

Currently pending before the court is Petitioner's motion to stay these proceedings. Petitioner wishes to return to state court to exhaust state remedies for two new claims, which allege ineffective assistance of trial and appellate counsel. Also pending before the court is Petitioner's motion to substitute his current warden's name for respondent Cindi Curtin.[1]

---

[1] When Petitioner filed his habeas petition, he was incarcerated at Oaks Correctional Facility in Manistee, Michigan where Cindi Curtin was his warden. Petitioner currently is confined at St. Louis Correctional Facility where Nick Ludwick allegedly is the warden.

Petitioner apparently has already filed a motion for relief from judgment in state court. (*See* Dkt. # 13, Mar. 17, 2008.) Furthermore, a dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Stay and abeyance are appropriate because Petitioner alleges that appellate counsel was "cause" for his failure to raise his claim about trial counsel on direct appeal. In addition, Petitioner's unexhausted claims are not plainly meritless, and he does not appear to be engaged in abusive litigation tactics or intentional delay. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Accordingly, Petitioner's motion for a stay [Dkt. # 9] is GRANTED and the Clerk of Court is DIRECTED to close this case for administrative purposes only. After Petitioner exhausts his state remedies, if he elects to pursue this habeas action, he must file a motion to reopen this case within **ninety (90) days** of exhausting state remedies for his claims about counsel. The motion must be accompanied by an amended habeas petition with Petitioner's existing case number (07-CV-12005).

Petitioner's motion to substitute [Dkt. # 8] is DENIED WITHOUT PREJUDICE as unnecessary. Although Petitioner was transferred to another prison after he filed his habeas petition, a change in the caption could result in confusion if and when he returns to federal court and seeks to re-open this case.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: June 19, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 19, 2008, by electronic and/or ordinary mail.

               S/Lisa Wagner
               Case Manager and Deputy Clerk
               (313) 234-5522